IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM J. PARKERSON *et al.*,                          Case No. 2:21-cv-00214-SB

Plaintiffs,                                                                      **ORDER**

v.

KATE BROWN *et al.*,

Defendants.

**BECKERMAN, U.S. Magistrate Judge.**

William Parkerson ("Parkerson"), a self-represented litigant in custody at the Two Rivers

Correctional Institution ("TRCI"), filed this civil rights action on behalf of himself and six other

adults in custody ("AIC") (together, "Plaintiffs").

Now before the Court is Parkerson's application to proceed *in forma pauperis* ("IFP

Application") (ECF No. 1), motion for appointment of counsel (ECF No. 3), motion to move on

an emergency basis (ECF No. 6), and motion to defer ruling in *Maney et al. v. Brown et al.* (the

"*Maney* case") (ECF No. 7). For the reasons that follow, the Court grants Parkerson's IFP

Application and denies Parkerson's other motions.

///

PAGE 1 – OPINION AND ORDER

**DISCUSSION**

I.    **IFP APPLICATIONS**

    A.    **Parkerson's IFP Application**

Parkerson moves to proceed *in forma pauperis*. The Court's examination of the application reveals that Parkerson is unable to afford the filing fee. Accordingly, the Court grants Parkerson's IFP Application.

However, pursuant to 28 U.S.C. § 1915(b)(1), an individual in custody proceeding *in forma pauperis* is required to pay the full filing fee of $350.00 when funds exist. Parkerson has authorized the agency having custody of him to collect the filing fee. Accordingly, this Order assesses an initial partial filing fee of $37.20.

Upon payment of the initial filing fee, Parkerson shall be obligated to make monthly payments of 20% of the preceding month's income credited to Parkerson's trust account. The agency having custody of Parkerson shall collect and forward payments to the Clerk of Court each time the amount in Parkerson's trust account exceeds $10.00, until the filing fee is paid in full.

    B.    **Co-Plaintiffs**

To date, none of the other six named plaintiffs have paid the required filing fee or filed an IFP application. The Prison Litigation Reform Act ("PLRA") expressly requires that an AIC, if proceeding *in forma pauperis*, pay the full amount of the filing fee (28 U.S.C. § 1915(b)(1)), and "prisoner-plaintiffs who proceed together in one action must each pay the full filing fee." *Hirt v. Jackson Cnty.*, No. 1:19-cv-00887-AC, 2020 WL 3104502, at *3 (D. Or. June 11, 2020) (citing *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004) (holding that the PLRA "obliges prisoners seeking to proceed *in forma pauperis* to pay one fee apiece"), and *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001) (holding that "the plain language of the PLRA requires

PAGE 2 – OPINION AND ORDER

each prisoner proceeding IFP pay the full filing fee")); *see also Hegge v. Inslee*, No. C20-6170-BJR-MLP, 2021 WL 673503, at *3 (W.D. Wash. Feb. 22, 2021) ("The few courts that have considered the issue agree that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee which means they must, at the very least, qualify to proceed *in forma pauperis*.").

Thus, each of the named plaintiffs in this case must either pay the filing fee, or file an application to proceed *in forma pauperis*, to remain in this case. *See Denton v. Thrasher*, No. 3:18-cv-05017-BHS-DWC, 2018 WL 11290235, at *1 (W.D. Wash. Feb. 14, 2018) (finding that "in an action with multiple prisoner litigants, each prisoner must individually pay the fee" and holding that "if these other eleven prisoners wish to join the case and proceed *in forma pauperis*, they all must also submit Applications for IFP"). Parkerson's six named co-plaintiffs must either pay the filing fee or file an application to proceed *in forma pauperis* within thirty days of this Order, or the Court will dismiss them from this action with leave to refile their claims in a separate civil action.

## II.    APPOINTMENT OF COUNSEL

Parkerson also filed a motion for appointment of counsel. (ECF No. 3.) A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Although it is unclear at this stage whether Parkerson is likely to succeed on the merits of his claims, Parkerson has demonstrated an ability to articulate his individual claims without the

assistance of counsel. At this juncture, Parkerson's case does not present exceptional circumstances warranting the appointment of counsel, and therefore the Court denies Parkerson's motion for appointment of counsel. *See, e.g.*, *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 1277693, at *3 (D. Or. Mar. 17, 2020) ("Because Plaintiff has not established extraordinary circumstances warranting the appointment of counsel at this juncture, the Court DENIES Plaintiff's three Motions for Appointment of Counsel[.]").

### III.    MOTION TO MOVE ON AN EMERGENCY BASIS

Parkerson also filed a motion "to make an emergency complaint for purposes of administrative remedies." (ECF No. 6.) Parkerson appears to ask the Court to waive the requirement that an AIC exhaust his administrative remedies before filing an action. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.").

The Court finds that it is premature to evaluate whether Parkerson has exhausted his administrative remedies, or if those remedies were available to Parkerson, because the defendants have not yet been served, appeared, nor raised failure to exhaust as an affirmative defense. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (holding that the defendant bears the burden of proving that an administrative remedy was available to the AIC and that he failed to exhaust such remedy, because non-exhaustion is an affirmative defense). Accordingly, the Court denies Parkerson's Motion to Move on Emergency Complaint, with leave to address the issue of exhaustion at a later stage of this litigation.

### IV.    MOTION TO DEFER *MANEY* RULING

Parkerson asks this Court to defer any rulings regarding class certification in the *Maney* case (No. 6:20-cv-00570-SB), because certification may have a negative impact on class

certification in this case. (ECF No. 7.) The Court denies the motion. The *Maney* litigation has been pending for several months, and has already progressed to the class certification stage. If the Court grants the motion for class certification in *Maney* and Parkerson is a member of a certified class, he will have the option to proceed as a member of that class action or opt out of the class action and continue to pursue his own claims. If the Court denies the motion for class certification in *Maney*, the denial will have no impact on Parkerson's claims here.[1]

## CONCLUSION

For the reasons stated, the Court GRANTS Parkerson's Application to Proceed *In Forma Pauperis* (ECF No. 1), and DENIES Parkerson's Motion for Appointment of Counsel (ECF No. 3), Motion to Move on an Emergency Basis (ECF No. 6), and Motion to Defer Ruling in *Maney* (ECF No. 7).

The Oregon Department of Corrections shall collect from Parkerson's trust account an initial partial filing fee in the amount of $37.20 and forward the funds to the Clerk of Court. ODOC shall collect the balance of the filing fee and forward the funds to the Clerk of Court, in accordance with the formula set forth above, until a total of $350.00 has been collected and forwarded to the Court. The payments shall be clearly identified by the name and number

---

[1] Parkerson has also filed a motion for class certification (ECF No. 8). The Court will defer ruling on that motion until after the defendants are served and respond to the complaint. However, the Court cautions Parkerson that a *pro se* plaintiff may not represent other plaintiffs in litigation. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). In addition, "it is well established that a layperson cannot ordinarily represent the interests of a class." *Hirt*, 2020 WL 3104502, at *2 (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)). "This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se.*" *Id.* (citation omitted).

assigned to this action. The Court directs the Clerk of Court to send a copy of this Order to

Oregon Department of Corrections, Central Trust Unit, P.O. Box 14400, Salem, Oregon 97309.

Parkerson's six named co-plaintiffs must either pay the filing fee or file an application to

proceed *in forma pauperis* within thirty days of this Order, or the Court will dismiss them from

this action.

**IT IS SO ORDERED.**

DATED this 12th day of March, 2021.

HON. STACIE F. BECKERMAN
United States Magistrate Judge