IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM J. PARKERSON *et al.*, | Case No. 2:21-cv-00214-SB |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| KATE BROWN *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

William Parkerson ("Parkerson"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action on behalf of himself and six other adults in custody ("AICs") (together, "Plaintiffs"). This matter comes before the Court on Parkerson's motion for appointment of counsel (ECF No. 4) and motion for class certification (ECF No. 8). For the reasons that follow, the Court denies Parkerson's motions.

### BACKGROUND

Parkerson is currently housed at the Two Rivers Correctional Institution. On February 9, 2021, Parkerson filed this action, alleging that ODOC knowingly exposed Plaintiffs to COVID-19 and that ODOC's failure adequately to respond to COVID-19 violates the Americans with

Disabilities Act ("ADA") and Plaintiffs' Eighth and Fourteenth Amendment rights. (Compl., ECF No. 2.)

## DISCUSSION

### I. CLASS CERTIFICATION

Parkerson, on behalf of Plaintiffs, filed a motion to certify this action as a class action under FED. R. CIV. P. 23. (*See* Mot. for Class Certification, ECF No. 8.) However, a self-represented plaintiff may not represent other plaintiffs in litigation. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). In addition, "it is well established that a layperson cannot ordinarily represent the interests of a class." *Hirt v. Jackson Cnty.*, No. 1:19-cv-00887-AC, 2020 WL 3104502, at *2 (D. Or. June 11, 2020) (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)). "This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se*." *Id.* (citation omitted). Accordingly, the Court denies Parkerson's motion for class certification.

### II. APPOINTMENT OF COUNSEL

Parkerson also filed a motion for appointment of counsel. (ECF No. 4.) A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). At this juncture, this case does not present exceptional circumstances warranting the appointment of

counsel. Accordingly, the Court denies Parkerson's motion for appointment of counsel. *See, e.g.*, *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 1277693, at *3 (D. Or. Mar. 17, 2020) ("Because Plaintiff has not established extraordinary circumstances warranting the appointment of counsel at this juncture, the Court DENIES Plaintiff's three Motions for Appointment of Counsel[.]").[1]

## CONCLUSION

For the reasons stated, the Court DENIES Parkerson's motion for appointment of counsel (ECF No. 4) and motion for class certification (ECF No. 8).

**IT IS SO ORDERED.**

DATED this 28th day of May, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] Parkerson previously filed a motion for appointment of counsel (ECF No. 3), which the Court denied in an Order dated March 12, 2021. (Op. & Order at 3, ECF No. 26.)