IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM J. PARKERSON *et al.*,

        Plaintiffs,

        v.

KATE BROWN *et al.*,

        Defendant.

Case No. 2:21-cv-00214-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

William Parkerson ("Parkerson"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action on behalf of himself and several other adults in custody ("AICs") (together, "Plaintiffs"). This matter comes before the Court on Defendants' motion to stay this litigation. For the reasons that follow, the Court grants Defendants' motion to stay.

## BACKGROUND

Parkerson is currently housed at the Two Rivers Correctional Institution. On February 9, 2021, Parkerson filed this action, alleging that ODOC knowingly exposed Plaintiffs to COVID-19 and that ODOC's failure adequately to respond to COVID-19 violates the Americans with

Disabilities Act ("ADA") and Plaintiffs' Eighth and Fourteenth Amendment rights. (Compl., ECF No. 2.)

Ten months earlier, on April 6, 2020, seven AICs (the "*Maney* Plaintiffs") housed at four ODOC institutions filed a civil rights action under Section 1983 against Governor Brown and several ODOC officials (together, the "*Maney* Defendants"). (Defs.' Mot. to Stay at 2-3, ECF No. 42; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference to their health and safety by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* Fourth Am. Compl. ("FAC"), ECF No. 223.) The *Maney* Plaintiffs assert allegations on behalf of a class of similarly situated AICs, and propose three classes: (1) the "Damages Class"; (2); the "Vaccine Class"; and (3) the "Wrongful Death Class." (*Maney* FAC ¶¶ 24-26.)

On January 21, 2021, the *Maney* Plaintiffs moved for a preliminary injunction requiring ODOC to offer all AICs housed in ODOC facilities a COVID-19 vaccine, and sought provisional class certification of the Vaccine Class, which includes: "All adults in custody housed at Oregon Department of Corrections facilities (ODOC) who have not been offered COVID-19 vaccinations." (*Maney* Pls.' Mot. Prelim. Inj., ECF No. 156; *Maney* Pls.' Mot. to Certify Class at 2, ECF No. 154.) On February 2, 2021, this Court granted the *Maney* Plaintiffs' motion for provisional class certification of the Vaccine Class and motion for a preliminary injunction. (*Maney* Op. & Order at 34, ECF No. 178.)

On May 3, 2021, the *Maney* Plaintiffs filed a motion for class certification. (ECF No. 203.) That same day, Defendants filed a motion to stay this matter pending resolution of the motion for class certification in *Maney*. (Defs.' Mot. to Stay at 1.)

**DISCUSSION**

## I.   APPLICABLE LAW

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936), and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Patton*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

## II.   ANALYSIS

The Court finds that on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions include Eighth Amendment claims alleging that ODOC officials failed adequately to protect them from COVID-19. (*Maney* FAC ¶¶ 101, 110; Compl. at 4.) A stay will conserve judicial resources by avoiding duplicative litigation.

Furthermore, it appears that Plaintiffs may be members of the Damages Class composed of individuals who have been continuously housed in ODOC facilities since February 1, 2020, and have contracted COVID-19, based on Plaintiffs' allegation that they were exposed to

COVID-19 while housed at an ODOC facility, exhibited COVID-19 symptoms, and tested positive for the virus. (Compl. at 1, 4-6, 11; Decl. of Donald Jackson ¶ 2, ECF No. 13, alleging that "on January 11, 2021, I tested positive for the coronavirus"; Decl. of Jimmy Fears at 1, ECF No. 15, alleging that "I was tested for COVID 19 on 1-10-21 and I got the results back on 1-14-21 that I was positive"; Decl. of William Parkerson at 1, ECF No. 11, noting that "[o]n or about 12/3/20 I started experiencing [COVID-19] symptoms which started with sneezing, coughing, chills then progressed into full body pain, bac[k] ache, [and] fever"; Medical Evidence at 9, ECF No. 28, a lung X-Ray report indicating Parkerson's medical history as "Covid recovered. Still short of breath"; *Maney* FAC ¶ 24.)

A stay in this case will not result in significant delay, as the motion for class certification in *Maney* is currently pending. (ECF No. 203.) If the Court grants the *Maney* Plaintiffs' motion for class certification, Plaintiffs may elect to proceed as members of the Damages Class, or they may opt out and litigate their case separately. *See McDaniels v. Stewart*, No. 15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay pending class certification and noting that "Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). On the other hand, if the Court denies class certification, Plaintiffs face only a brief delay in this matter.

For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice Plaintiffs. *See McDaniels*, 2017 WL 132454, at *2 (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action

because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County [Jail], and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal. May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 42), and STAYS this action pending resolution of class certification in the *Maney* case.

**IT IS SO ORDERED.**

DATED this 1st day of June, 2021.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge